IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

MICHAEL ROY, )
 )
    Plaintiff, )
 )
v. ) Civil Action No. 3:19CV658–HEH
 )
MS. PARSON, *et al.*, )
 )
    Defendants. )

## **MEMORANDUM OPINION**
### (Dismissing 42 U.S.C. § 1983 Complaint)

Michael Roy, a Virginia inmate proceeding *pro se* and *in forma pauperis*, submitted this civil action pursuant to 42 U.S.C. § 1983. The action proceeds on the Particularized Complaint ("Complaint," ECF No. 19.) The matter is before the Court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.

### I.    PRELIMINARY REVIEW

Pursuant to the Prison Litigation Reform Act ("PLRA") this Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A. The first standard includes claims based upon "an indisputably meritless legal theory," or claims where the "factual contentions are clearly baseless." *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin,* 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari,* 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin,* 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (second alteration in original) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," stating a claim that is "plausible on its face," rather than merely "conceivable." *Id.* at 555, 570 (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

2

*Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556). In order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it will not act as the inmate's advocate and develop, *sua sponte*, statutory and constitutional claims that the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II. SUMMARY OF ALLEGATIONS

By Memorandum Order entered on March 5, 2020, the Court directed Roy to file a particularized complaint. In his Complaint, Roy states as follows:[1]

> Plaintiff [was] examine[d] by Dr. Parson for his very serious medical condition. Dr. Parson, order[ed] Plaintiff to be placed on pain medication for his lower back pain. On 11/18/2020, Plaintiff filed an informal complaint . . . for him being denied medical care and treatment for his lower back pain.
> Official's delay in getting Plaintiff medical attention. . . .
> . . . .
> The Defendant Dr. Parson w[as] made aware of Plaintiff's serious medical condition of his lower back pain in 2010, she delay for Plaintiff to receive surgery until five (5) years later in 2015. . . .
> Instead, Defendant Dr. Parson actually knew about Plaintiff's back pain, she prescribed Plaintiff's pain medication for his lower back pain condition. . . .
> Plaintiff dispute the fact that, being incarcerated in the Virginia Department of Corrections as a state inmate and is unable to pick and choose

---

[1] The Court corrects the spelling, punctuation, and spacing in quotations from Roy's Complaint. The Court employs the pagination assigned to the Complaint by the CM/ECF docketing system.

his own doctor or what hospital that he want to treat his medical condition being that he is incarcerated. Plaintiff has to depend upon Defendant Dr. Parson to treat his medical condition. Since she is employed by the Virginia Department of Corrections in order to provide inmates with medical assistance for their medical conditions.

As for Defendant Nurse Johnson, Plaintiff allege that he had spoken with Nurse Johnson, filed his informal complaint and grievances concerning Nurse Johnson and received his response from Nurse Johnson. She misled Plaintiff that he was signed up to see Defendant Dr. Parson just to get Plaintiff out of her face.

. . . .

Plaintiff had spoken with Defendant Nurse Johnson about his lower back pain in person and on request forms, informal complaints, and also on grievances. The medical staff wanted Plaintiff to pay the co-payment fees on the same issue (lower back pain) every time he was seen by a nurse about [his] lower back pains.

. . . .

Defendants Dr. Parson and Johnson violated Plaintiff's Eighth Amendment right to be free from cruel and unusual punishment by keeping Plaintiff [from] receiving surgery for a long period of time (five years) . . . .

. . . .

Defendants Dr. Parson and Johnson violated Plaintiff's Fourteenth Amendment rights to due process by continually keeping plaintiff waiting to receive medical treatment for his lower back . . .

Defendant[s] Dr. Parson and Johnson violated Plaintiff's Fourteenth Amendment right to due process by depriving Plaintiff of an opportunity to aggrieve the conditions of his confinement.

(Compl. 1–5 (paragraph numbers omitted).) Roy seeks declaratory relief and monetary damages. (*Id.* at 11.)

### III. ANALYSIS

Under 28 U.S.C. § 1915A, the Court must dismiss claims which the relevant statute of limitations clearly bars. *Brown v. Harris*, No. 3:10CV613, 2012 WL 12383, at *1 (E.D. Va. Jan. 3, 2012) (citing *Erilline Co. S.A. v. Johnson*, 440 F.3d 648, 655–57 (4th Cir. 2006); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951, 955 (4th Cir. 1995)). Because no explicit statute of limitations for 42 U.S.C. § 1983 actions exists, federal

4

courts borrow the personal injury statute of limitations from the relevant state. *Nasim*, 64 F.3d at 955 (4th Cir. 1995) (citing *Wilson v. Garcia*, 471 U.S. 261, 266–69 (1985)). Virginia applies a two-year statute of limitations to personal injury claims. *See* Va. Code Ann. § 8.01–243(A) (West 2018). Thus, Roy was required to file his Complaint within two years from when the underlying claims accrued.

When a 42 U.S.C. § 1983 claim accrues is dictated by federal law. *See Nasim*, 64 F.3d at 955. "A claim accrues when the plaintiff becomes aware of his or her injury, *United States v. Kubrick*, 444 U.S. 111, 123 (1979), or when he or she 'is put on notice . . . to make reasonable inquiry' as to whether a claim exists." *Almond v. Sisk*, No. 3:08CV138, 2009 WL 2424084, at *4 (E.D. Va. Aug. 6, 2009) (omission in original) (quoting *Nasim*, 64 F.3d at 955), *aff'd*, 372 F. App'x 432 (2010). Further, in order to dismiss a 42 U.S.C. § 1983 action because the applicable statute of limitations has expired, "the court must find that the expiration of the statute of limitations is clear on the face of the complaint." *In re Davis*, Nos. 4:11CV11, 11CV12, 11CV13, 11CV14, 11CV15, 11CV16, 11CV17, 11CV18, 11CV19, 11CV 20, 2011 WL 9669470, at *2 (E.D. Va. Jan. 26, 2011) (citation omitted), *aff'd sub nom. Davis v. Wilkinson*, 443 F. App'x 812 (4th Cir. 2011).

Roy filed his initial Complaint on August 28, 2019.[2] For his Complaint to be timely, the claims alleged therein must have accrued after August 28, 2017. However, Roy states that Defendants' delayed surgery for his back between 2010 and 2015.

---

[2] This is the date he signed his Complaint and the Court will construe it as the filed date for the purposes of this action. *Cf. Houston v. Lack*, 487 U.S. 266, 276 (1988).

Therefore, Roy was aware that the Defendants committed the alleged acts starting in 2010. (*See id.*) At the latest, Roy's claims accrued in 2015. Although the Court does not know the exact date Defendants referred Roy for surgery in 2015, Roy clearly waited at least more than three and a half years to file this action, and his Complaint is untimely.[3] Thus, his § 1983 action is legally frivolous. *See Nasim*, 64 F.3d at 956 (dismissing as frivolous untimely action under § 1983). Roy's claims will be dismissed with prejudice.

## IV. CONCLUSION

Roy's claims will be dismissed as frivolous because it is barred by the statute of limitations. The action will be dismissed. The Clerk will be directed to note the disposition of the action for purposes of 28 U.S.C. § 1915(g).

An appropriate Order will accompany this Memorandum Opinion.

/s/
HENRY E. HUDSON
Date: April 13, 2020
SENIOR UNITED STATES DISTRICT JUDGE
Richmond, Virginia

---

[3] Roy's Complaint clearly alleges the denial of medical care between 2010 and 2015. To the extent that Roy is currently experiencing or experiences constitutionally inadequate medical care in the future, he may file a new complaint that will be treated as a new civil action.